# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DERRYN NICOLE JONES,
    Plaintiff,

vs.

US BANK NATIONAL
ASSOCIATION, et al.,
    Defendants.

Case No. 1:17-cv-174

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiffs, residents of Cincinnati, Ohio, bring this pro se civil action against "US Bank National Association As Trustee for Trust Below" and CSMC Mortgage Backed Pass-Through Certificates, Series 2006-2. By separate Order issued this date, plaintiffs have been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot

make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiffs bring eleven causes of action against defendants based on a foreclosure action filed against them in state court. They allege that US Bank National Association as Trustee (US Bank) is not permitted to file foreclosure actions; that US Bank "received an illegal assignment on January 26, 2012 notarized on January 31, 2012"; that US Bank as trustee for CSMC Mortgage Backed Pass-Through Certificates, Series 2006-2 "filed a complaint in foreclosure on or about March 14, 2012"; that US Bank "assigned what they did not own to U.S. Bank National Association as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSMC Mortgage Backed Pass-Through Certificates, Series 2006-2 on June 6, 2013 notarized on June 10, 2013"; and that US Bank was granted summary judgment "when they no longer had any interest in 3548 Larkspur Avenue, Cincinnati, Ohio." (Doc. 1-1 at 2-3). Plaintiffs also allege that the attorney handling the foreclosure action committed fraud upon the court to acquire summary judgment, committed wire and mail fraud, and knowingly made false claims. (Id. at 3-4). Plaintiffs allege claims of wrongful foreclosure, "slander of title," "slander of credit," infliction of emotional

3

distress, and "securities counterfeiting," among others. Plaintiffs seek "an injunction" and monetary relief in excess of one million dollars.

Plaintiffs' allegations against defendants are duplicative of allegations that plaintiffs have already made against US Bank and others in a complaint currently pending before this Court. *See Jones v. US Bank National Association, as Trustee for CSMC Mortgage Backed Pass-Through Certificates, Series 2006-2, et al.*, No. 1:16-cv-778 (S.D. Ohio) (Doc. 27, amended complaint). As most of plaintiffs' allegations against defendants in the instant complaint are reiterations of allegations contained in an earlier-filed complaint currently pending before this Court, the instant complaint should be dismissed because it is duplicative of the prior complaint. The Supreme Court has recognized that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the general principle that duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). A plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Stewart v. Procter & Gamble Co.*, No. 1:06-cv-374, 2006 WL 2620441, at *2 (S.D. Ohio Sept. 12, 2006) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2nd Cir. 2000)). The District Court, therefore, has the inherent power to dismiss an action when it is duplicative of another action pending in the federal court. *See, e.g., Ball v. Obama,* No. 1:13-cv-204, 2013 WL 2153967 (S.D. Ohio May 16, 2013); *Baldwin v. Marshall & Ilsley Fin. Corp.,* No. 1:11cv804, 2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.) (and numerous cases cited therein), *adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012)

4

(Weber, J.). Such power should be exercised in this case. *Cf. id.* The complaints in both cases arise from the same set as facts surrounding the foreclosure action filed in state court. The Court concludes that the present complaint is duplicative of the earlier-filed case pending in this Court and should be dismissed.[1]

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiffs' complaint be dismissed as duplicative under 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiffs leave to appeal *in forma pauperis*. Plaintiffs remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 3/28/17

Karen L. Litkovitz
United States Magistrate Judge

---

[1] To the extent plaintiffs seek to bring additional claims against the existing defendants in Case No. 1:16-cv-778, they must file a motion for leave to file an amended complaint showing good cause therefor.

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DERRYN NICOLE JONES,<br>Plaintiff,<br><br>vs.<br><br>US BANK NATIONAL<br>ASSOCIATION, et al.,<br>Defendants. | Case No. 1:17-cv-174<br><br>Black, J.<br>Litkovitz, M.J. |

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc